IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41067
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY WAYNE MORRIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CR067
- - - - - - - - - -

January 27, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Anthony Wayne Morris appeals his convictions of use of interstate facilities in the commission of a murder for hire and of solicitation to commit a crime of violence.  See 18 U.S.C. § 1958, 373.  Morris contends that he has established the defense of entrapment as a matter of law and that, accordingly, the evidence was insufficient to support his convictions.  Morris further asserts that the district court abused its discretion in admitting evidence of his rape and kidnapping of the intended

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

victim of the charged offenses because this evidence was not relevant and posed a substantial risk of unfair prejudice. Morris asserts that the district court abused its discretion in admitting evidence that he had raped and kidnapped his ex-wife Diana Lombardo, for essentially the same reasons.

The evidence presented by the Government established Morris's knowing and enthusiastic participation in the murder-for-hire scheme; it was thus sufficient to rebut Morris's entrapment defense. United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997). Accordingly, his conviction of the charged crimes does not amount to a manifest miscarriage of justice. United States v. Thomas, 12 F.3d 1350, 1358 (5th Cir. 1994).

Furthermore, the district court did not abuse its discretion in admitting evidence that Morris had kidnapped and raped the intended victim of his murder-for-hire scheme. This evidence was relevant to the issue of motive and aided in rebutting Morris's entrapment defense. See United States v. Bentley-Smith, 2 F.3d 1368, 1377 (5th Cir. 1993); Fed. R. Evid. 404(b) & 403. Likewise, the admission of evidence that Morris had also raped his ex-wife, Diana Lombardo, did not constitute error as it too aided in rebutting Morris's entrapment defense. And even if this evidence were found to be erroneously admitted, in light of the overwhelming evidence of Morris's guilt and the government's thorough rebuttal of his entrapment defense, it would constitute harmless error. See United States v. Gadison, 8 F.3d 186, 192 (5th Cir. 1993).

AFFIRMED.